UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN BAUDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:18-cv-1564 RWS |
| v. | ) | |
| | ) | |
| CITY OF ST. LOUIS, etc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO RENEWED
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Plaintiff has filed a motion for leave to file a third amended complaint. [ECF

114.]  This motion renews a motion filed previously.  [ECF 87.]  The renewed

motion proffers a proposed third amended complaint that differs from the

previously proposed third amended complaint only insofar as it adds some

additional individual defendants who are alleged personally to have inflicted

specific injury on plaintiff.  [Compare ECF 87-1 with ECF 114-1.]

Defendants previously filed a memorandum opposing the prior motion for

leave.  [ECF 89.]  Defendants request that the Court consider the prior arguments

in opposition, and so defendants will not reiterate the prior arguments here.

However, defendants are obliged to supplement their prior opposition with the

following points.

**1.     This Court lacks jurisdiction to act on the motion for leave at this time, due to the pendency of the appeal from the Court's order ruling on defendants' motion for judgment on the pleadings, directed to the second amended complaint.**

This Court granted in part and denied in part defendants' motion for judgment on the pleadings directed to the second amended complaint.  [ECF 101.] Because defendants' motion raised the issue of qualified immunity as to all of plaintiff's federal claims against the current individual defendants--Lt.Col. Gerald Leyshock, Lt. Scott Boyher, Lt. Timothy Sachs, Sgt. Randy Jemerson, Sgt. Matthew Karnowski, Sgt. Brian Rossomanno, and Officer Timothy Bockskopf, those defendants have filed an appeal to the United States Court of Appeals for the Eighth Circuit.  [ECF 109.]  The issues to be raised on appeal could be dispositive of all or most of plaintiff's claims here, especially with regard to plaintiff's arrest. Those issues are serious and substantial.  A copy of the appellants' designation of issues on appeal is attached hereto as Exhibit A.

It is well established that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court or its control over those aspects of the case involved in the appeal.  *Liddell v. Bd. of Educ.*, 73 F.3d

819 (8th Cir. 1996).  Accordingly, it is recognized that an appeal of denial of a
motion based on qualified immunity divests the district court of jurisdiction to
proceed.  Indeed, it has been held that the pendency of the appeal disables the
district court from accepting an amended complaint.  See *May v. Sheahan,* 226
F.3d 876 (7th Cir. 2000); see also *Stewart v. Donges,* 915 F.2d 972 (10th Cir.
1990); Urbonya, "Interlocutory Appeals from Orders Denying Qualified Immunity:
Determining the Proper Scope of Appellate Jurisdiction," 55 Wash. & Lee L. Rev.
3, 48 (1998).

     The only basis on which this Court can proceed in this action during the
pendency of the appeal is if the Court can find that the appeal is frivolous.
However, as the attached statement of issues and this Court's own opinion on the
motion for judgment on the pleadings demonstrate, the defendants' interlocutory
appeal is far from frivolous.  Cf. *Enderlin v. XM Satellite Radio Holdings, Inc.,*
2006 U.S. Dist. LEXIS 78083 (E.D. Ark. 2006)Case No. 4:06-CV-0032 (W.D.
Ark. 2006).  Given the relationship of the issues on appeal to the plaintiff's pending
effort to drag dozens of additional supervisory police officers into the lawsuit, it is
especially important that this Court stay its hand.

     **2.**     **The effort to implead additional supervisory police officers is
futile.**

Assuming that this Court can proceed with the motion for leave to file the third amended complaint, defendants must particularly repeat their objection that plaintiff's novel theory of supervisory liability on the basis of "failure to intervene," as pleaded in count XIII of the proposed amended complaint, is wholly insufficient to warrant impleading scores of supervisory police officers in this case.  Plaintiff can and does allege specific, concrete claims against the officers who actually had direct contact with him  [ECF 114-1, ¶¶18-20], but alleges no prior incident of a mass arrest in St. Louis history or any facts showing both awareness of the named supervisors of use of force on plaintiff individually, and an opportunity to intervene.  Plaintiff seeks to implead supervisory officers in defiance of clear holdings of the Eighth Circuit.  E.g., *Hollingsworth v. City of St. Ann,* 800 F.3d 985 (8th Cir. 2015); *Doe v. Cassel,* 403 F.3d 986 (8th Cir. 2005); cf. *McManemy v. Tierney,*  970 F.3d 1034 (8th Cir. 2020)(failure to intervene requires showing of knowledge that excessive force would be or was being used on the plaintiff).

## Conclusion

For the foregoing reasons, defendants submit that this Court should suspend the case management order herein and decline at this time to grant leave to file the most recently proffered third amended complaint.

MICHAEL A. GARVIN
CITY COUNSELOR
/s/ Robert H. Dierker 23671(MO)
Deputy City Counselor

dierkerr@stlouis-mo.gov
Brandon Laird 65564(MO)
Abby Duncan 67766(MO)
Associate City Counselors
Amy Raimondo 71291(MO)
Assistant City Counselor
1200 Market St.
City Hall, Rm 314
St. Louis, MO 63103
314-622-3361
Fax 314-622-4956